UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD J. MULDER,<br><br>                              Plaintiff,<br><br>          v.<br><br>DANA MARKS, *et al.*,<br><br>                              Defendants. | Case No. 3:18-cv-00386-MMD-CLB<br><br>ORDER |

## I.    SUMMARY

Plaintiff Ronald J. Mulder, who is represented by counsel and an inmate at the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Dana Marks, James Dzurenda, Romeo Aranas, and Martin Naughton. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 41), recommending the Court grant Defendants' motion for summary judgment (ECF No. 34 ("Motion")).[1] Plaintiff filed an objection to the R&R.[2] (ECF No. 42 ("Objection").) Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion and because Plaintiff in his Objection continues to fail to point to supporting evidence to meet his burden, the Court will accept and adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion.

## II.    BACKGROUND

The Court incorporates by reference and adopts Judge Baldwin's description of the case's factual background and procedural history provided in the R&R. (ECF No. 41 at 1-7.)

---

[1] Plaintiff responded (ECF No. 38), and Defendants replied (ECF No. 40) to the Motion.

[2] Defendants responded to Plaintiff's Objection. (ECF No. 43.)

1    **III.    DISCUSSION**

2          The Court first addresses Plaintiff's Americans with Disabilities ("ADA") claim, and

3    then considers Plaintiff's objections to Judge Baldwin's recommendation as to his Eighth

4    Amendment claim for deliberate indifference to a serious medical need.

5          **A.    ADA Claim**

6          Judge Baldwin recommends that the Court grant Defendants' Motion as to

7    Plaintiff's ADA claim because the claim is based on Defendants' alleged failure to provide

8    him adequate medical treatment for his Hep-C and is "an end run around the Eighth

9    Amendment." (*Id.* at 15.) *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir.

10   2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment

11   for disability"), *overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th

12   Cir. 2016) (en banc); *see also King v. Calderwood*, Case No. 2:13-cv-02080-GMN-PAL,

13   2015 WL 4937953, at *2 (D. Nev. Aug. 19, 2015). In his Objection, Plaintiff does not

14   address or specifically object to Judge Baldwin's recommendation as to his ADA claim.

15   (ECF No. 42.) Instead, he briefly and vaguely states that a reasonable jury could find in

16   his favor. (*Id.* at 7.) Because there is no specific objection to the ADA claim, the Court

17   need not conduct de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

18   1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and

19   recommendations is required if, but *only* if, one or both parties file objections to the

20   findings and recommendations.") (emphasis in original). The Court is satisfied that Judge

21   Baldwin did not clearly err and therefore adopts Judge Baldwin's recommendation that

22   Defendants' Motion be granted as to Plaintiff's ADA claim.

23         **B.    Deliberate Indifference to a Serious Medical Need Claim**

24         As to Plaintiff's Eight Amendment claim, Judge Baldwin recommends that

25   Defendants' Motion be granted because Defendants have submitted evidence showing

26   that they "affirmatively monitored and ultimately treated [Plaintiff]'s Hep-C," and therefore

27   have met their initial burden of showing the absence of a genuine issue of material fact.

28   (ECF No. 41 at 13.) However, Plaintiff has failed to meet his burden because he has not

2

1    provided evidence that a delay in treatment for his Hep-C was the cause of any damage,

2    that he in fact has suffered damage, or that Defendants knew of an excessive risk to his

3    health and disregarded that risk. (*Id*. at 13-14.) Plaintiff objects to Judge Baldwin's

4    recommendation arguing that: (1) "he remains at increased risk of liver cancer given his

5    cirrhosis" and a reasonable jury "could find that the delay in HCV treatment gave [him] an

6    increased risk of mortality"; (2) he met his burden by attaching to his opposition the

7    deposition transcripts of Dr. Naughton and Dr. Minev, the expert report of Dr. Cheung,

8    and his affidavit attesting to the harm he suffered; and (3) Plaintiff and others, such as Dr.

9    Cheung, Dr. Naughton, and Dr. Kuriakose would testify at trial and a jury could find in his

10   favor from their testimonies. (ECF No. 42 at 4-6.)

11        The Court finds all of Plaintiff's objections unpersuasive. First, Plaintiff has failed

12   to provide any evidence to support his assertions that he developed cirrhosis or that an

13   alleged delay in treatment caused such harm. (ECF Nos. 38, 42.) Plaintiff baldly asserts

14   in multiple instances that he developed cirrhosis, but he fails to cite to or provide any

15   medical reports to support that claim.[3] (*Id*.) Notably, recent lab results and testing show

16   no liver masses, no compromised liver functioning, and no detectable HCV in his blood.

17   (ECF Nos. 36-5, 36-6.) Second, while it is true that Plaintiff attached several exhibits to

18   his opposition to Defendants' Motion, as Judge Baldwin found, those exhibits largely

19   focus on treatment of Hep-C and NDOC's policy and do not specifically address whether

20   Plaintiff suffered any harm because of an alleged delay in treatment. (ECF Nos. 38-1, 38-

21   2, 38-3, 38-5, 41 at 6.) Third, an intent to call supporting witnesses does not, on its own,

22   constitute evidence that may be considered on summary judgment. *See* Fed. R. Civ. P.

23   56(c)(1)(A).

24        The Court therefore agrees with Judge Baldwin's determination that Plaintiff has

25   failed to meet his burden in establishing a genuine issue of material fact as to whether

26   Defendants deliberately denied, delayed, or intentionally interfered with his medical

27

28        [3]In fact, Plaintiff has failed to show that the delay in treatment has caused him any damage or injuries at all, beyond his own allegations of anxiety. (ECF No. 42 at 6.)

3

1   treatment and whether such a delay caused harm. *See Hallet v. Morgan*, 296 F.3d 732,

2   744 (9th Cir. 2022) (explaining "deliberate indifference" prong); *Lemire v. California*, 726

3   F.3d 1062, 1074 (9th Cir. 2013) (requiring causation to establish deliberate indifference);

4   *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (requiring a showing of harm caused

5   by the indifference). Accordingly, the Court adopts Judge Baldwin's recommendation that

6   Defendants' Motion be granted as to Plaintiff's Eighth Amendment claim for deliberate

7   indifference to a serious medical need.[4]

8   **IV.   CONCLUSION**

9       The Court notes that the parties made several arguments and cited to several

10  cases not discussed above. The Court has reviewed these arguments and cases and

11  determines that they do not warrant discussion as they do not affect the outcome of the

12  issues before the Court.

13      It is therefore ordered that Plaintiff's objection (ECF No. 42) to the Report and

14  Recommendation (ECF No. 41) of U.S. Magistrate Judge Carla L. Baldwin is overruled.

15      It is further ordered that Judge Baldwin's Report and Recommendation (ECF No.

16  41) is accepted and adopted in full.

17      It is further ordered that Defendants' motion for summary judgment (ECF No. 34)

18  is granted.

19      The Clerk of Court is directed to enter judgment accordingly and close this case.

20      DATED THIS 4th Day of January 2023.

21

22  _____

23  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27      [4]Just as Judge Baldwin declined to address Defendants' personal participation or
28  qualified immunity arguments because she found that Plaintiff's claims fail on the merits, the Court similarly need not—and does not—address those arguments for the same reasons. (ECF No. 41 at 16 n.3.)

4